UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CASE NO. 14-cr-215-02-02 |
|---|---|
| -vs- | JUDGE DRELL |
| JASE KIRK, JR. (02) | MAGISTRATE JUDGE HORNSBY |

## RULING AND ORDER

Before the court is a motion for compassionate release pursuant to 18 U.S.C. § 3582 (c)(1)(A) filed *pro se* by defendant Jase Kirk, Jr. ("Kirk" or "Defendant"). (Doc. 379). The government timely filed a response in opposition. (Doc. 381). The motion is accordingly fully briefed and properly before the court for disposition. Having carefully reviewed the record in this case, as well as relevant law and jurisprudence, the court has determined that the motion will be DENIED for the reasons fully explained below.

I.  BACKGROUND

Kirk moves for compassionate release. He claims extraordinary and compelling circumstances exist in his case because he has diabetes and fears severe illness from COVID-19.

II. LAW AND ANALYSIS

The Fifth Circuit has made clear that exhaustion of all administrative rights of appeal is a mandatory claim-processing rule. United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020). After exhaustion of remedies, defendants must show that

(1) "extraordinary and compelling reasons" exist, (2) compassionate release is consistent with applicable policy, and (3) the §3553(a) factors favor release. 18 U.S.C. §3582 (c)(1)(A); United States v. Shkambi, 993 F.3d 388, 392 (5th Cir. 2021).

18 U.S.C. § 3553(a)(5) calls for consideration of pertinent policy statements. U.S.S.G. § 1B1.13, although not binding, is the pertinent policy statement and informative of our decision. Compare Shkambi, 993 F.3d at 393 ("neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582.") with United States v. Rivas, 833 F. App'x 556, 558 (5th Cir. 2020) ("Though not dispositive, we are guided in our analysis by the commentary for § 1B1.13, which considers..."), and United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021), cert. denied sub nom. Thompson v. United States, No. 20-7832, 2021 WL 2044647 (U.S. May 24, 2021) ("Although not dispositive, the commentary to [§ 1B1.13] informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release.") (citing Rivas 833 F.App'x at 558). U.S.S.G. § 1B1.13 calls for consideration of whether the defendant is a danger to another or the community providing 18 U.S.C. § 3142(g) as an analytical guide. Accordingly, § 3142(g) is informative and considered.

### A. Exhaustion of Remedies

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as "compassionate release" motions, may be filed at the inmate's request, by the Bureau of Prisons ("BOP"), or by the inmate himself after exhaustion of his administrative remedies. The First Step Act amended § 3582(c) to provide an inmate an avenue to file a compassionate release motion on his own behalf after being denied

relief by the BOP. Prior to the First Step Act, an inmate's only avenue to compassionate release was through the filing of a motion on his behalf by the BOP. United States v. Cantu, 423 F.Supp.3d 345, 347 (S.D. Tex. 2019). After the First Step Act, the Fifth Circuit has made clear that exhaustion of all administrative rights of appeal is a mandatory claim-processing rule. Franco, 973 F.3d at 468. Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the defendant's facility, whichever is earlier. In each instance, the court will consider the inmate's administrative remedies fully exhausted. 18 U.S.C. §3582(c)(1)(A).

In the case at bar, Kirk asserts that he has sought administrative relief. However, the government contends that the Bureau of Prisons ("BOP") has no record of a request for compassionate release from Kirk. The documentation Kirk submits lacks a signature from the BOP acknowledging receipt. Rather, Kirk supplied prescription stickers for certain drugs which broadly could be prescribed for diabetes and hypertension. Without adequate documentation, BOP affirmation, or government concession on this mandatory claim–processing rule, we are obligated to deny Kirk's motion.

## B. Extraordinary and Compelling Circumstances

Even if we were willing to find that Kirk has exhausted his remedies, he fails to establish extraordinary and compelling circumstances, because it is uncertain that Kirk's claimed but otherwise minimally documented (through the aforesaid prescriptions stickers) diagnosis of diabetes predisposes him to COVID–19 in any manner that is "extraordinary" as compared to the "usual" predisposition experienced by the general inmate population diagnosed with similar medical conditions increasing the likelihood of severe illness from COVID–19. Thompson, 984 F.3d at 434.

In Thompson, the Fifth Circuit reasoned that …

> it is uncertain that [Thompson] is at a significantly higher risk than is the general inmate population. In fact, nearly half of the adult population in the United States suffers from hypertension. And roughly 12% of Americans suffer from high cholesterol. Thus, we cannot say that either of those conditions makes Thompson's case "extraordinary." Unfortunately, both are commonplace.

Id. (footnote citations omitted). Likewise, diabetes affects 10.5% of the US population.[1] Diabetes, as well as many others that are acknowledged by the CDC as increasing the likelihood of severe illness from COVID–19, similarly predispose swaths of the U.S. inmate population by similar percentages. Kirk does not assert or otherwise present evidence to support that his predisposition towards severe illness from COVID–19 is in any manner extraordinarily or significantly higher than the general inmate population's predisposition of the same having any one or more

---

[1] National Diabetes Statistics Report, 2020: Estimates of Diabetes and Its Burden in the United States, Centers for Disease Control and Prevention, last viewed May 5, 2021, https://www.cdc.gov/diabetes/data/statistics-report/index.html, last updated August 28, 2020.

condition listed by the CDC as increasing the likelihood of severe illness from COVID–19. Any increased risk Kirk faces does not make his condition "terminal," and Kirk does not assert a diminished ability to provide self-care. U.S.S.G. § 1B1.13 cmt. n.1(A). Nor does Kirk assert trouble effectively managing his medical conditions via medications.

Accordingly, we do not find that Kirk's circumstance rises to the level of "extraordinary" as beyond what the general inmate population is usually subjected to in the context of the COVID–19 pandemic. Although the ubiquitous nature of the pandemic has given rise to extraordinary times, our common experience of fear is not extraordinary. Cf. Thompson, 984 F.3d at 435 ("Fear of COVID doesn't automatically entitle a prisoner to release."). Kirk's fear of severe illness from COVID–19 is shared by many, incarcerated or otherwise, and is, therefore, "commonplace." Id.

### C. § 3553(a) and § 3141(g)

The presentence investigation report ("PSR") reflects two prior convictions each involving drugs. PSR ¶ 43–44. The earlier of the two offenses, possession with intent to distribute cocaine base, was a felony offense for which Kirk was originally sentenced to one hundred and twenty (120) months and subsequently resentenced to seventy–eight (78) months. 18 U.S.C. § 3553(a)(1); Id. at § 3142(g)(3). Regarding the instant offense, Kirk was part of a conspiracy to distribute methamphetamine, and Kirk is held accountable for between one and a half (1.5) and five (5) kilograms of a mixture and substance containing methamphetamine. PSR ¶ 12–25; 18 U.S.C. §

3553(a)(1); Id. at § 3142(g)(1). This history suggests an increased risk of recidivism. Id. at (g)(4).

Kirk was detained on December 4, 2014, was sentenced to serve one hundred and fifty (150) months, and his projected good time release date is November 6, 2025. Accordingly, he has not served a "lions share" of either his full or good time sentence. Thompson, 984 F.3d at 434–35, ("The courts that granted compassionate release on [the bases of health concerns] largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns.") (compiling cases); 18 U.S.C. § 3553(a)(2) ("the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant").

Even if we were willing to find that Kirk has exhausted his remedies and presents extraordinary and compelling circumstances, the § 3553(a) and §3142(g) factors do not weigh in favor of release.

### III. Conclusion

For the reasons enumerated above, it is hereby **ORDERED** that 's motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 13th day of June 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT